UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

-------------------------------------------------------------X

JAMES MATTHEWS and VICKI MATTHEWS

               Plaintiffs,

       -against-

MR. DIRT, INC.,
and SCOTT MIDDENDORF, individually,
CHRIS ROOF, individually and
JAMES SMITH, individually

              Defendants.

-------------------------------------------------------------X

Civil Action No.

**COMPLAINT**

Plaintiff Demands A
Trial by Jury

Plaintiffs, JAMES MATTHEWS AND VICKI MATTHEWS, as and for their Complaint against the above named Defendants, respectfully allege upon information and belief as follows:

## NATURE OF THE CASE

1.    Plaintiffs complain pursuant to the Title VII American with Disabilities Act of 1990, 42 U.S.C. § 12101 *et. seq.* ("ADA"), the Pennsylvania Human Relations Act, as amended, 43 P.S §§ 951, *et. seq.* ("PHRA") and the Pennsylvania Whistleblower Law, 43§ 1423(a), Plaintiffs seek damages to redress the injuries suffered as a result of being discriminated against because of disability, being unlawfully discharged and for retaliation stemming from Plaintiffs' making a "good faith report" of workplace wrongdoing.

## JURISDICTION AND VENUE

2.   Jurisdiction of this action is conferred upon the court as this action involves a Federal Question under the Title VII. The Court also has supplemental jurisdiction over the State Causes of Action.

3.   Venue is proper in this district based upon Defendants' principal place of business within the County of Bradford, Commonwealth of Pennsylvania, within the Middle District of Pennsylvania. Additionally, the Defendants' conduct business and the events took place in Towanda, Pennsylvania within the Middle District of Pennsylvania.

4.   On or about April, 2015, Plaintiffs filed complaints with the Department of Labor and charges with the EEOC against Defendants as set forth herein.

5.   On or about March 24, 2017, Plaintiffs amended their EEOC complaint against Defendants.

6.   At all times relevant, plaintiffs' claims were dual filed and are currently pending with the Pennsylvania Human Relations Commission.

7.   On or about August 31, 2017, the Equal Employment Opportunity Commission issued each Plaintiff a Right to Sue letter.

8.   This action is being commenced within 90 days of receipt of the EEOC Right to Sue Letter.

## THE PARTIES

9.   Plaintiff, JAMES MATTHEWS (hereinafter also referred to as "JAMES") is an individual male who is a resident of the State of Arkansas.

10.  Plaintiff, VICKI MATTHEWS (hereinafter also referred to as "VICKI ") is an individual female who is a resident of the State of Arkansas.

11. Defendant, M.R. Dirt, Inc., (hereinafter referred to as Respondent and "M.R. DIRT") is a domestic business corporation duly existing under the laws of the Commonwealth of Pennsylvania, whose principal place of business is located at 21186 Route 187, Towanda, PA 18848.

12. At all times material, Defendant, SCOTT MIDDENDORF (hereinafter referred to as "MIDDENDORF") is an owner and employee of M.R. DIRT.

13. At all times material, Defendant, CHRIS ROOF (hereinafter referred to as "ROOF") is an owner and employee of M.R. DIRT.

14. At all times material, Defendant, JAMES SMITH (hereinafter referred to as "SMITH") is the General Manager and employee of M.R. DIRT.

15. At all times material, MIDDENDORF is employed as the President for M.R. DIRT.

16. At all times material, MIDDENDORF, ROOF and SMITH held supervisory authority over Plaintiff.

17. At all times material, Plaintiffs were employed by defendant M.R. DIRT.

## MATERIAL FACTS

18. On or about January 27, 2015, JAMES reported sexual misconduct, in the workplace at MR. DIRT, against female employees, to MIDDENDORF AND ROOF. It was reported to JAMES MATTHEWS that the sexual misconduct had been committed by SMITH.

19. On that same day, MIDDENDORF and ROOF, after a meeting with JAMES, instructed him to write up a "policy" against sexual misconduct in the workplace and to begin investigating the current allegations of sexual harassment of employee(s) by SMITH.

20. On or about January 30, 2015, JAMES was approached by SMITH and questioned as to whether he was the one investigating the sexual harassment issue.

21.    On or about February 4, 2015, JAMES, in conducting his investigation, met with Charles

Lawton, also employed by MR. DIRT, as the Construction Supervisor and member of the

Safety Committee, to speak to him regarding reports of sexual harassment.

22.    On that same day, JAMES advised Charles Lawton that he submitted a proposed sexual

harassment policy, as instructed, to the "owners" of MR. DIRT (ROOF AND

MIDDENDORF), but he had not heard back from them regarding its approval.

23.    On that same day, JAMES, in the course of his investigation, asked Charles Lawton to

speak to Miranda Swope, his daughter in law, an employee of MR. DIRT, about her

allegations of ongoing sexual harassment by SMITH.

24.    On that same day, Charles Lawton went to James Smith's office to speak to him about the

allegations of sexual harassment regarding his daughter in law Miranda Swope.

25.    On that same day, SMITH called VICKI into his office and told her to immediately stop

all talk about SMITH's sexual harassment against employees. SMITH then ordered

VICKI to tell her husband JAMES to immediately stop his investigation.

26.    Moments later, still on that same day, JAMES arrived to SMITH's office where he was

ordered by SMITH to stop the investigation. JAMES refused. SMITH then grabbed

JAMES violently by the throat, even though, SMITH was aware that JAMES was

receiving treatment for Cancer and that he had a medical port in his chest,

notwithstanding SMITH attacked. When things settled down, SMITH immediately

terminated JAMES.

27.    Immediately after the incident, JAMES went to see MIDDENDORF and ROOF, to report

the incident and advise them that he was just fired by SMITH. Both ROOF and

MIDDENDORF became verbally abusive toward JAMES.   ROOF threatened to physically harm JAMES.

28.  On that same day, MIDDENDORF and ROOF ordered JAMES to drop his earlier assigned investigation of sexual harassment in the work place. Then, MIDDENDORF and ROOF advised JAMES that he was not fired, but that they would not reprimand SMITH for any wrongdoing.

29.  On or about February 23, 2015, VICKI was advised that her husband JAMES was fired because it was alleged that JAMES recorded a conversation while on duty for the DEFENDANTS without ROOF's consent.

30.  On or about August, 2015, JAMES and his wife, VICKI, filed a charge of Discrimination and Harassment with the EEOC against DEFENDANTS.

31.  On or around April 21, 2016, MIDDENDORF via text message asked VICKI, if JAMES was going to withdraw the claim he filed with the Department of Labor against the DEFENDANTS.

32.  On or around April 27, 2017, MIDDENDORF, left a voicemail message on JAMES' voice mail.   In the voice mail, MIDDENDORF advised that he became aware that VICKI, filed charge of discrimination and harassment with the EEOC on March 31, 2015, against DEFENDANTS. MIDDENDORF continued the voice mail message by stating, that PLAINTIFFS left him with no other choice by to "retaliate and go to the State Police and file charges of thievery," against them.

33.  On or around the middle of October 2016, PLAINTIFFS were notified that MIDDENDORF filed criminal charges against them and on behalf of MR. DIRT.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII ADA
### (Not Against Individual Defendants)

34.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of
      this complaint.

35.   Plaintiff claims Defendants violated the Americans with Disabilities Act of 1990 (Pub. L.
      101-336) (*ADA*), as amended, as these titles appear in volume 42 of the United States
      Code, Beginning at section 12101.

36.   Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter 1,
      Section 12112, Discrimination [Section 102] states: "(a) General rule.-No covered entity
      shall discriminate against a qualified individual on the basis of disability in regard to job
      application procedures, the hiring, advancement, or discharge of employees, employee
      compensation, job training, and other terms, conditions and privileges of employment."

37.   Defendants engaged in an unlawful discriminatory practice by discriminating against
      Plaintiff because of his disability.

38.   As such, Plaintiff has been damaged as set forth herein.

## AS A SECOND CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

39.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of
      this complaint.

40.   The PHRA § 955 provides that it shall be an unlawful discriminatory practice:   "(a) For
      any employer because of the race, color, religious creed, ancestry, age, sex, national

origin or non-job related handicap or disability or the use of a guide or support animal because of the blindness, deafness or physical handicap of any individual or independent contractor, to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual or independent contractor, or to otherwise discriminate against such individual or independent contractor with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if the individual or independent contractor is the best able and most competent to perform the services required."

41.   Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of his disability.

42.   Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the PHRA § 955.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

43.   Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint.

44.   PHRA § 955(d) provides that it shall be an unlawful discriminatory practice: " For any person, employer, employment agency or labor organization to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act."

45.   Defendants engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## AS A FOURTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

46.   Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint.

47.   PHRA § 955(e) provides that it shall be an unlawful discriminatory practice: " For any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued there under, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice."

48.   Defendants engaged in an unlawful discriminatory practice in violation of PHRA § 955(e) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

## AS A FIFTH CAUSE OF ACTION
## FOR RETALIATION UNDER TITLE VII
### (Not Against Individual Defendants)

49.   Plaintiffs repeat and reallege each and every allegation made in the above    paragraphs of this complaint.

50.   Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. $2000e-3(a) provides that it shall be unlawful employment practice for an employer:

"(1) to ... discriminate against any of his employees ... because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

51.    Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. 2000 *et seq*. by retaliating against Plaintiffs with respect to the terms, conditions or privileges of employment because of their opposition to the unlawful employment practices of Defendants.

### A SIXTH CAUSE OF ACTION FOR ASSAULT AND BATTERY (Individually against defendant James Smith)

52.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

53.    That defendant SMITH assaulted and battered plaintiff herein and did cause unwelcomed contact.

54.    That Plaintiff did not consent to the contact and that the above contact was violent and offensive.

55.    Specifically, SMITH physically assaulted Plaintiff even though he was aware that Plaintiff was receiving Cancer treatment.

56.    As a result of the assault and battery, Plaintiff suffered injuries.

57.    Therefore, Plaintiff was damaged as stated herein.

### A SEVENTH CAUSE OF ACTION FOR UNLAWFUL DISCHARGE PURSUANT TO PENNSYLVANIA'S WHISTLEBLOWER LAW, 43 SECTION 1423

58.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

59.    The defendants unlawfully terminated plaintiffs' employment in violation of Pennsylvania's Whistleblower Law, 43 Section 1423 (a):

Persons not to be discharged – No employer may discharge, threaten or otherwise discriminate or retaliate against an employee…because the employee…makes a good faith report…to the employer or appropriate authority of an instance of wrongdoing or waste.

60.     The defendants engaged in unlawful employment practice by retaliating against Plaintiffs resulting in their employment termination.

## JURY DEMAND

Plaintiffs request a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress and back pay and front pay, punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.


Dated:    October 25, 2017

                               **DEREK SMITH LAW GROUP, PLLC**
                               *Attorneys for Plaintiff*


                               By: _____
                                    Derek T. Smith, Esquire
                                    dtslaws@msn.com
                                    1845 Walnut Street, Suite 1601
                                    Philadelphia, Pennsylvania 19103
                                    (215) 391-4790